**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

*Jordon DeGroote*
*Assistant United States Attorney*

*970 Broad St., 7th Floor*
*Newark, NJ 07102*

*Main: (973) 645-2700*
*Direct: (862) 240-2343*
*Jordon.degroote @usdoj.gov*

October 28, 2026

**<u>Via Electronic Filing</u>**
Hon. Susan D. Wigenton, U.S.D.J.
United States District Court
Martin Luther King Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re: *Hernandez-Huayanay v. Soto*, No. 26-13729**
**Petitioner's Release**

SO ORDERED this 29th day of October 20 26

United States District Judge

**Expedited Response to ECF No. 4**

Dear Judge Wigenton:

This Office represents Respondents in this habeas action. We respectfully write to report that on October 21, 2026, prior to the Petition filed on October 22, U.S. Immigration and Customs Enforcement ("ICE") issued a Form I-286, Notice of Custody Determination, authorizing Petitioner's release on bond of $7,500. *See* Ex. A. ICE advised this Office that Petitioner elected to post bond and was released on October 27, 2026.

Respondents initially intended to file an answer indicating the status of Petitioner's bond hearing in accordance with the Court's October 27, 2026, Order, ECF No. 4. However, Respondents respectfully submit that Petitioner's release from custody moots all issues raised in the petition. *See Patel v. United States*, 156 F.4th 342, 347 (3d Cir. 2025) ("[A] habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought.") (citing *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020)).

We therefore respectfully ask the Court to close this case and lift all temporary restraints.

We thank the Court for its attention to this matter.

Respectfully submitted,